IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-503-CR




ROBERT JUNIOUS FREEMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-278, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated assault after hearing evidence that he
struck a jailer while incarcerated in the Hays County jail. Tex. Penal Code Ann. § 22.02(a)(2)
(West Supp. 1993). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for forty years.

 Appellant suffers from diabetes and must take medication regularly. The Hays
County jail has regulations concerning the dispensing of drugs to inmates. On the day in question,
appellant refused to take his medication in the manner prescribed by jail regulations and, as a
result, was assigned to segregation. When appellant was informed of this by Deputy Alvin
Pittman, appellant stated that he would not voluntarily go to segregation and that the officer
"would have to come in [the general population cell or tank] and get him." 

 Pittman and another deputy, Scott Webber, entered the tank, which was occupied
by approximately two dozen inmates. Appellant was sitting at a table. When told he was going
to segregation, appellant replied, according to Pittman, "I am not going to go up to segregation. 
If you try to take me I am going to hurt you." Pittman placed his hand on appellant's arm and
told him that he could go "either the easy way or the hard way." Appellant said he would go the
hard way, jumped up, and hit Pittman in the face with his fist. In the ensuing struggle, appellant
struck Pittman a second time. Pittman's description of the incident was corroborated by Webber's
testimony and by that of Brett Bailey, a third deputy who observed the scuffle from outside the
tank.

 This was not the first time appellant had refused to comply with the jail's
medication rules. Two weeks earlier, appellant had been assigned to segregation after refusing
to take his medicine in the presence of the medical officer. As he would do two weeks later,
appellant announced that he would not go to segregation. But in this earlier incident, appellant
ultimately relented and went to segregation peacefully. He had just been returned to the general
jail population when the events on which this cause is based took place.

 In his first point of error, appellant contends the evidence is legally insufficient to
sustain the conviction because the State failed to prove that he intentionally or knowingly hit
Pittman. Appellant's argument in support of this contention is basically an attack on the
credibility of Pittman's testimony. By picking certain statements from the testimony of the other
witnesses, appellant constructs a scenario in which he merely sought to grab Pittman, and struck
the officer by accident when the officers tried to force him to leave the holding cell. Appellant
also asserts that it would have been physically impossible for him to deliberately hit Pittman while
in the grasp of two officers. 

 Appellant's exculpatory interpretation of the events and his attack on the credibility
of Pittman's testimony were considered and rejected by the jury. This Court cannot reweigh the
evidence when considering a challenge to the legal sufficiency of the evidence. The only question
before us is whether, after viewing all the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). Pittman's testimony alone was sufficient to establish each element of the offense. 
Appellant's argument to the contrary notwithstanding, the testimony of the other officers was
consistent with Pittman's in all crucial respects. It is undisputed that appellant refused to
voluntarily go to segregation, that he physically resisted the officers when they came to get him,
and that he hit Pittman in the resulting struggle. The jury could rationally infer that the blows to
Pittman's face were intentional. Point of error one is overruled.

 In point of error two, appellant urges that the court erroneously permitted the State
to offer evidence of his earlier jail misconduct. Evidence of other wrongs is not admissible if its
only relevance is "character conformity." Tex. R. Crim. Evid. 404(b); Gilbert v. State, 808
S.W.2d 467, 472 (Tex. Crim. App. 1991). But such evidence may be admitted if it is relevant
to some other issue, such as motive, intent, or absence of mistake or accident. Rule 404(b). In
this cause, appellant's previous refusal to conform to jail rules and his recent release from
segregation suggested a reason for his actions on the day in question, and also tended to prove that
he struck Pittman intentionally rather than by accident. Considering that appellant's intent was
the primary contested issue at trial, the district court did not abuse its discretion by concluding
that the probative value of this testimony outweighed the risk of unfair prejudice. Tex. R. Crim.
Evid. 403; see Montgomery v. State, 810 S.W.2d 372, 391-93 (Tex. Crim. App. 1991) (opinion
on rehearing). The second point of error is overruled.

 The judgment of conviction is affirmed.



[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 25, 1993

[Do Not Publish]